# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| HENRY HASSELL, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 2:18-cv-02678-SHL-cgc |
| FORD MOTOR COMPANY, | ) |
| Defendant. | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT

Before the Court is the Report and Recommendation of Magistrate Judge Charmiane G. Claxton, (ECF No. 15), recommending that Defendant Ford Motor Company's Motion to Dismiss, (ECF No. 8), be granted. Plaintiff filed an Objection to the Report and Recommendation on February 15, 2019, (ECF No. 17), to which Defendant responded on March 1, 2019, (ECF No. 18). For the reasons outlined below, Judge Claxton's Report and Recommendation is **ADOPTED** and Defendant's Motion to Dismiss is **GRANTED**. However, because Plaintiff has retained counsel and seeks to advance his claim on new grounds, his Complaint is **DISMISSED WITHOUT PREJUDICE** to ensure that he has the freedom to refile if he so chooses.

## BACKGROUND

Plaintiff filed his *pro se* Complaint on October 1, 2018, alleging violations of Title VII, the Age Discrimination in Employment Act (ADEA), and the Americans with Disabilities Act (ADA). (ECF No. 1.) He outlined the facts as follows:

> I began my employment with the company in 1973 as a maintenance and labor worker and later promoted to a production grinder. I was injured in 1983 when

my right hand was caught in the grinder. My medical records plainly says I received a perminent [sic] injury to the right hand cutting the nerve and ligaments. On Oct. 1983 the company laid me off with no medical insurance and no credits according to the UAW contract.

(Id. at 4.) He also asserted that he filed a charge with the Equal Employment Opportunity Commission (EEOC) on July 26, 2018, and received a Right to Sue letter on August 6, 2018. (Id. at 5.)

Defendant Ford Motor Company filed its Motion to Dismiss for Failure to State a Claim on October 26, 2018, arguing that the claims were time barred, that Plaintiff had failed to exhaust his administrative remedies for the ADEA and ADA claims, that Plaintiff was not over 40 at the time he alleges he was subjected to discrimination in violation of the ADEA, that the ADA had not yet been passed into law at the time Plaintiff alleges the discrimination occurred and asserting a general failure to meet proper pleading standards.

Judge Claxton issued her Report and Recommendation on February 4, 2019, recommending that the Court grant Defendant's Motion and dismiss Plaintiff's claims. (ECF No. 15.) Shortly thereafter, Plaintiff obtained representation, (ECF No. 16), and filed his Objection, (ECF No. 17).

## **ANALYSIS**

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Civ. P. 72(b)(3). After reviewing the evidence, the court may

accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Here, Plaintiff's objection to the Report and Recommendation is less an objection to a specific issue and more an improperly filed motion to amend. Specifically, Plaintiff's newly retained counsel argues that "Plaintiff in artfully [sic], was attempting to allege . . . race discrimination under 42 U.S.C. § 1981" and seeks leave to amend the Complaint to reflect a claim under § 1981. (ECF No. 17 at 2–3.) As Defendant notes in its Response, "if Plaintiff wished to amend the pleadings to assert a claim under Section 1981, the vehicle to do so is Rule 15(c) of the Federal Rules of Civil Procedure." (ECF No. 18 at 3.) An Objection to the Report and Recommendation is not the proper vehicle for amendment. Therefore, insofar as Plaintiff's Objection is a Motion to Amend, it is **DENIED**.

The bulk of Plaintiff's Objection takes the form of this request to amend. Indeed, Plaintiff does not seem to make any objection to Judge Claxton's conclusion that the claims under Title VII, ADEA and the ADA are barred due to his failure to exhaust administrative remedies. Because Plaintiff has not specifically objected to any portion of Judge Claxton's Report and Recommendation, the Court reviews the Report and Recommendation for clear error. Finding none, the Court **ADOPTS** the Report and Recommendation and **GRANTS** Defendant's Motion to Dismiss.

However, the Court is hesitant to dismiss Plaintiff's Complaint outright. As Judge Claxton notes in her Report and Recommendation, "Pleadings and documents filed by *pro se* litigants are to be 'liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers.'" (ECF No. 15, quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Although Plaintiff in his *pro se* capacity

failed to assert claims adequately under the statutes to which he cited, Plaintiff's counsel seeks to advance his claim on different grounds. While, as noted, the Objection was not the proper venue for an amendment, Plaintiff should not be barred from refiling his claim with the assistance of counsel. The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.

**IT IS SO ORDERED,** this 14th day of August, 2019.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE